UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID C. LETTIERI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    1:26-cv-10019-SDN |
| | ) |
| RICHARD G. STEARNS, et al., | ) |
| | ) |
| Respondents. | ) |

## **ORDER AFFIRMING RECOMMENDED DECISION**

This matter comes before the Court on Petitioner David C. Lettieri's pro se complaint asserting claims under the First and Fifth Amendments, the All Writs Act (28 U.S.C. § 1651), and federal mail statutes. ECF No. 1. Mr. Lettieri alleges Federal Medical Center ("FMC") Devens, the prison in which he is currently confined, delayed delivering court correspondence in a prior civil action, which prevented him from timely responding to a court order and resulted in the case being dismissed. *Id*. at 2. Mr. Lettieri names as Respondents two federal judges involved in the prior civil action and FMC Devens.

On February 4, 2026, the Magistrate Judge recommended dismissing Mr. Lettieri's complaint on multiple procedural and jurisdictional grounds, as well as for failure to state a claim upon which relief can be granted. ECF No. 6. Mr. Lettieri subsequently objected to the Recommended Decision. ECF Nos. 8, 10. The Court reviewed and considered the Recommended Decision, together with the entire record, and has made a de novo determination of all matters to which Mr. Lettieri properly objected. For the following reasons, the Court **AFFIRMS** the Recommended Decision and **DISMISSES** the complaint.

1

## DISCUSSION

In his complaint, Mr. Lettieri advances several claims arising from the dismissal of his prior civil action. First, he alleges FMC Devens's delay in delivering his correspondence from the court prevented him from filing a timely response in the proceeding and ultimately led to the case being dismissed. ECF No. 1 at 1, 2. Next, he contends the delay infringed upon his First Amendment right to access the courts because it impaired his ability to effectively litigate his case. *Id*. at 2. He also asserts that the judges who presided over the prior civil action violated his Fifth Amendment right to due process by dismissing the case without adequately considering his objections, thus depriving him of a meaningful opportunity to be heard. *Id*. Finally, Mr. Lettieri maintains that he is entitled to relief under a writ of habeas corpus or the All Writs Act and seeks to vacate various judicial rulings in the prior civil action and a reduction in sentence. *Id*. at 2, 3.

In his Recommended Decision, the Magistrate Judge concludes dismissal is warranted because Mr. Lettieri fails to state a plausible constitutional injury arising from the alleged incoming mail delay, the judicial Respondents have absolute immunity from suit, and neither habeas corpus nor the All Writs Act are the proper vehicle for the relief Mr. Lettieri seeks. *See* ECF No. 6 at 3–8.

Mr. Lettieri submitted objections to the Recommended Decision. ECF Nos. 8, 10. Because Mr. Lettieri is proceeding pro se, the Court liberally construes both his objections and the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberally construed, Mr. Lettieri's objections are understood to raise two challenges to the Recommended Decision. First, Mr. Lettieri argues his delayed receipt of court correspondence in the prior civil action materially impaired his ability to litigate his case and, as a result, he suffered a constitutionally cognizable injury when the court dismissed the case. ECF No.

10 at 2. Second, he contends the Magistrate Judge incorrectly characterized his claim as a civil rights complaint under 42 U.S.C. § 1983 or *Bivens* rather than as a writ of habeas corpus or under the All Writs Act. *Id*. at 1–2. The Court addresses each of these objections in turn.

First, as to Mr. Lettieri's claim regarding the delay in receiving correspondence in his prior civil action, the Court finds no error in the Magistrate Judge's reasoning. Mr. Lettieri claims the timing of the mail prejudiced him in that case, but this assertion is not supported by the record in that proceeding. The court dismissed his prior civil action[1] after Mr. Lettieri failed to pay the filing fee or otherwise resolve the fee requirement. Dkt. No. 1:25-cv-11228, ECF Nos. 13, 14. The record reflects that he received and objected to the order directing him to pay the fee or show cause why he should not be required to do so. Dkt. No. 1:25-cv-11228, ECF Nos. 7, 9. In the instant case, Mr. Lettieri alleges delays in receiving the "Order to Draw Case to the District Judge" in the prior civil action, Dkt. No. 1:25-cv-11228, ECF No. 10, violated his right to due process and access to the courts. *See* ECF No. 1 at 1, 2. But any delay in receiving that court order occurred after he had already been afforded an opportunity to respond and did not affect the dismissal of the prior civil action because, as the Magistrate Judge correctly noted, "the timing of [Mr. Lettieri's] receipt of that order is not material as it is not an order to which [he] would have a basis to object." ECF No. 6 at 5.

To succeed in a right-of-access-to-the-courts challenge, Mr. Lettieri needs to have alleged an actual injury—that is, the mail delay "frustrated or impeded" his ability to

---

[1] The Court is permitted to take judicial notice of the filings in the prior civil action at issue here. *See Medtronic Med. CR SRL v. Feliciano-Soto*, 59 F.4th 51, 53 n.2 (1st Cir. 2023) (noting it "is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand" (quoting *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990)).

pursue a nonfrivolous legal claim. *Hullum v. Maloney*, 201 F.3d 427, 1999 WL 1338078, at *2 (1st Cir. Sept. 16, 1999); *see Lewis v. Casey*, 518 U.S. 343, 352–53 (1996). Here, Mr. Lettieri has not identified any underlying nonfrivolous claim that was "frustrated or impeded." *Maloney*, 1999 WL 1338078, at *2. Instead, the record shows that he was able to file objections in the prior case before its dismissal, and the dismissal resulted from his failure to satisfy the filing-fee requirements after notice and opportunity to respond. In other words, "[n]othing in the record indicates that [Mr. Lettieri's] access to the courts has not been adequate or meaningful. Consequently, he has not suffered the 'actual injury' required to show a violation of his right to meaningful court access." *Dupont v. Dubois*, 99 F.3d 1128, 1996 WL 649340, at *1 (1st Cir. Nov. 6, 1996); *see Muldoon v. Dep't of Corr.*, No. 15-cv-13892, 2017 WL 506250, at *4 (D. Mass. Feb. 7, 2017) ("This injury can manifest in different forms, including causing a plaintiff to miss court deadlines or actions that result in the loss, dismissal or rejection of a claim, but must demonstrate some actual prejudice."). In addition, Mr. Lettieri fails to state a due process claim against the judges involved in the prior civil action because, as the Magistrate Judge correctly concluded, *see* ECF No. 6 at 3, they are entitled to absolute immunity for their challenged conduct, which was undertaken "in the exercise of their judicial functions," *Butz v. Economou*, 438 U.S. 478, 508 (1978) (quotation modified). As such, the Magistrate Judge did not err in these regards.

Second, as to the proper avenue for the relief Mr. Lettieri seeks, the Court again agrees with the Magistrate Judge's conclusions and finds neither habeas relief nor the All Writs Act is a suitable statutory mechanism for the claims as asserted. Mr. Lettieri contends habeas relief is appropriate because he is both in custody and his constitutional rights are being violated. ECF No. 10 at 1. But Mr. Lettieri's core claim in the instant case

is a challenge to the handling and disposition of his prior civil action, which does not fall within the traditional scope of habeas corpus review.[2] To the extent Mr. Lettieri seeks to attack the outcome of the prior civil action, as the Magistrate Judge correctly asserted, the proper remedy is a post-judgment motion or direct appeal, the latter of which Mr. Lettieri has already commenced. *See* Dkt. No. 1:25-cv-11228, ECF No. 16 (notice of appeal); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action. We have observed that the indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments . . . ." (quotation modified)).

To the extent Mr. Lettieri's allegations could be construed as claims for habeas relief, such relief is nevertheless unavailable. If he seeks to challenge the legality of his sentence, that claim falls within the scope of 28 U.S.C. § 2255 and must be brought, if at all, in the sentencing court. *See* 28 U.S.C. § 2255(a). But this Court—which is not the sentencing court—lacks jurisdiction to consider such a petition. Conversely, to the extent he challenges the execution or duration of his confinement, such claims would arise under 28 U.S.C. § 2241; however, Mr. Lettieri alleges no facts suggesting an unlawful execution of his sentence or confinement beyond its lawful term. Accordingly, relief under either

---

[2] Federal courts exercise habeas jurisdiction pursuant to three related statutes—28 U.S.C. §§ 2241, 2254, and 2255—each of which provides a distinct avenue for relief depending on the nature of the claim. A habeas petition is properly brought under § 2241 where the defendant seeks to challenge the execution, rather than validity, of their sentence. *See* 28 U.S.C. § 2241; *Muniz v. Sabol*, 517 F.3d 29, 33–34 (1st Cir. 2008). Section 2254 authorizes federal courts to consider federal constitutional claims brought by defendants convicted and sentenced in state courts. *See* 28 U.S.C. § 2254(a). And § 2255 provides the mechanism through which federal defendants may challenge the validity of their underlying federal conviction or sentence. *See* 28 U.S.C. § 2255(a). None of these apply to Mr. Lettieri's claims in the instant case.

provision is unavailable. Furthermore, to the extent Mr. Lettieri claims he is entitled to a reduction in sentence, 18 U.S.C. § 3582(c) controls. *See* 18 U.S.C. § 3582(c)(1)(A) (providing generally that a district court "may reduce the term of imprisonment"); *see also United States v. Saccoccia*, 10 F.4th 1, 4 n.2 (1st Cir. 2021).

In addition, where, as here, Congress has established specific post-conviction remedies in 28 U.S.C. §§ 2241 and 2255 and 18 U.S.C. § 3582(c) to address Mr. Lettieri's potential claims, those provisions, not the All Writs Act, are the appropriate statutory mechanisms for relief. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (despite its broad language, the All Writs Act is, at most, "a residual source of authority to issue writs that are not otherwise covered by statute"); *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 350 (1st Cir. 1997) ("The All Writs Act does not authorize federal courts to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." (quotation modified)); *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) ("We think it follows that when a statute—like section 2255—specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence."); *Fusco v. Bowers*, No. CV 25-10657, 2025 WL 2146679, at *1 (D. Mass. July 28, 2025) (dismissing sentence reduction claim under All Writs Act "because 18 U.S.C. § 3582(c)(2) specifically allows the sentencing court to reduce a defendant's sentence"). Finally, for the reasons already explained, even when the complaint is liberally construed as a § 1983 action, it does not set forth a legally viable claim.

Having conducted a de novo review of the portions of the Recommended Decision to which Mr. Lettieri objected, the Court finds the Magistrate Judge's analysis is well-

reasoned and supported by the entire record. Accordingly, the Court adopts and affirms the Magistrate Judge's Recommended Decision in its entirety.

## CONCLUSION

For the foregoing reasons, and for those already explained in the Magistrate Judge's Recommended Decision, Mr. Lettieri's objections, ECF Nos. 8, 10, are **OVERRULED**. The Recommended Decision, ECF No. 6, is **ADOPTED** and **AFFIRMED** in its entirety. Accordingly, Mr. Lettieri's complaint, ECF No. 1, is **DISMISSED**.

SO ORDERED.

Dated this 30th day of June, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE